IN THE UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIMMY D. BURDETTE                                                                              PLAINTIFF

v.                              Case No.:   08-2109

CRAWFORD COUNTY;
CITY OF VAN BUREN, ARKANSAS;
DONALD JENKINS, CITY ATTORNEY;
MIKE MEDLOCK, JUDGE                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jimmy D. Burdette ("Plaintiff") filed his Complaint (Doc. 1) pro se and *in forma pauperis* seeking an "Emergency Request for Petition for Writ of Mandamus and Prohibition" on October 8, 2008. The Complaint has been provisionally filed prior to a determination regarding service of process. The Honorable Robert T. Dawson, United States District Judge, has referred the case to the undersigned for the purpose of entering a report and recommendation. The undersigned, in preparing this report and recommendation, has also reviewed and considered Plaintiff's Supplement to the Complaint (Doc. 5) in its entirety.

Plaintiff has named the following Defendants in this case: Crawford County; City of Van Buren, Arkansas; Donald Jenkins, city attorney; and Mike Medlock, Circuit Judge. However, in his Compliant, Plaintiff only seeks relief against Defendants Medlock and Jenkins.

Plaintiff alleges in his Complaint several wrongs are being committed against him as he represents himself in state court on charges of driving while intoxicated ("DWI"). Among these charges are allegations that Plaintiff had to file multiple motions to proceed IFP, his court dates were continuously delayed, a breathalyser test denied his constitutional rights, court rulings denied him due process, his right to equal protection was denied due to delays in court proceedings, and he was denied a speedy trial. Plaintiff seeks mandamus relief in the form of a dismissal of his state court case or, in the alternative, having an expert

witness funded for him, an end to harassment, for Judge Medlock to recuse himself, and for a change of venue. Plaintiff advises the court his trial date on his state charges is October 23, 2008.

Plaintiff's request for a writ of mandamus is legally frivolous. *See Veneri v. Circuit Court of Gasconade Co.,* 528 F. Supp. 496, 498 (E.D. Mo. 1981) (federal courts have no superintending control over and are without authority to issue writ of mandamus to direct state court or its judicial officers in performing duties). Moreover, to the extent that petitioner is attempting to challenge Judge Medlock's decisions, any alleged violations may be raised and, if necessary, addressed on appellate review of the state action. Federal district courts, though, are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan,* 74 F.3d 160, 162 (8th Cir.1996). "Review of state court decisions may be had only in the Supreme Court." *Id.*

Mandamus is an extraordinary remedy. *See Heckler v. Ringer,* 466 U.S. 602, 616 (1984). Certain conditions must be met before mandamus relief is granted. "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" *Kerr v. United States District Court,* 426 U.S. 394, 403 (1976) (citations omitted). Thus, mandamus is available to petitioner here only if he shows that he has a clear right to the relief sought, that the respondents have a clear duty to perform, and that no other adequate remedy is available. Petitioner cannot meet this standard.

Moreover, it is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 332 (1943). In *Younger v. Harris,* 401 U.S. 37, 46 (1971), the Supreme Court specifically directed "federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords adequate opportunity to raise the federal questions presented." *Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir.1996)). A federal court cannot grant injunctive relief that would interfere with ongoing state criminal

prosecutions. *Younger,* 401 U.S. at 45; *Moore v. Inman,* 210 Fed. Appx. 550, (8th Cir. 2006) (unpublished). Plaintiff's request for an order changing venue in his state criminal proceeding clearly involves a still-pending proceeding and implicates the state's important interest in managing state criminal matters.  Moreover, Plaintiff has failed to set forth any federal question that he does not have an opportunity to raise in state court.  It is my recommendation that Plaintiff's claim is one from which this court must abstain.

Therefore, I recommend that Plaintiff's Complaint (Doc.  1) be dismissed as to all Defendants.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of October 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI

UNITED STATES MAGISTRATE JUDGE